UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

BRENDA LANDON

VERSUS

PHILIP A. PADGETT, M.D., ET AL.

CIVIL ACTION

NUMBER 13-261-SCR

### RULING ON MOTION FOR SUMMARY JUDGMENT

Before the court is the Motion to Dismiss Pursuant to Rule 12(b)(1), Lack of Subject Matter Jurisdiction, filed by defendant Philip A. Padgett, M.D., West Baton Rouge Parish Coroner. Record document number 13. This motion was subsequently converted by the court order to a Rule 56, Fed.R.Civ.P., motion for summary judgment.[1] The motion is opposed.[2]

Plaintiff Brenda Landon filed a Complaint against defendants the West Baton Rouge Parish Council and the Parish of West Baton Rouge (which are considered as the same entity for the purpose of this case), and Philip A. Padgett, M.D., who is the West Baton Rouge Parish Coroner (sometimes referred to in the parties' memoranda as the "Coroner's Office"). Plaintiff alleged claims of discrimination and retaliation under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §621, *et seq*, and "Louisiana's

---

[1] Record document number 20.

[2] Record document number 19.

anti-discrimination laws."[3]  Plaintiff alleged that she was employed with the West Baton Rouge Parish Coroner's Office in June 2005 and beginning in 2007 was subject to offensive remarks and harassment based on her age.  Plaintiff alleged that after reporting the illegal conduct she continued to be subject to a hostile work environment and was wrongfully terminated on September 27, 2011.

Defendant Padgett moved to dismiss the plaintiff's claims and argued that he was not an "employer" subject to the requirements of the ADEA and state law because he employed less than 20 employees at the time of the alleged events.  In her opposition, the plaintiff essentially argued that the economic ties between the defendants establish that they are the plaintiff's employer for the purposes of the ADEA and state law.

Under the ADEA the term "employer" is defined as follows:

> The term "employer" means a person engaged in an industry affecting commerce who has twenty or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year: *Provided*, That prior to June 30, 1968, employers having fewer than fifty employees shall not be considered employers.  The term also means (1) any agent of such a person, and (2) a State or political subdivision of a State and any agency or instrumentality of a State or a political subdivision of a State, and any interstate agency, but such term does not include the United States or a corporation wholly owned by the Government of the United States.

---

[3] Record document number 1, Complaint, Jurisdiction statement and ¶ 18.  Defendant assumed that the plaintiff is relying on the Louisiana Employment Discrimination Law, LSA-R.S. 23:301, *et seq.* ("LEDL"), and this ruling makes the same assumption.

29 U.S.C. § 630(b).

The definition of an "employer" under the LEDL is substantially the same:

> "Employer" means a person, association, legal or commercial entity, the state, or any state agency, board commission, or political subdivision of the state receiving services from an employee and, in return, giving compensation of any kind to an employee. The provisions of this Chapter shall apply only to an employer who employees twenty or more employees within this state for each working day in each of twenty or more calendar weeks in the current or preceding calendar year.

LSA-R.S. 23:302(2).

Defendant Padgett provided evidence showing that only 13 employees actively provided services for the Coroner's Office during the relevant time period.[4] Plaintiff did not dispute the fact that the Coroner's Office employed less than 20 employees. Plaintiff's opposition appears to focus the economic ties between the West Baton Rouge Parish Council/Parish of West Baton Rouge and the Coroner's Office, whether either of these defendants exercised control over the Coroner's Office, and whether defendant Padgett acted as an agent for these entities.

Plaintiff's arguments are factually unsupported. There is no

---

[4] Record document number 13-3, Affidavit of Yancy Guerin. The affidavit stated that there were six non-active death investigators on record with the Coroner's Office, but they were not available for duty during the relevant time period. Even if these non-active investigators were considered employees of the Coroner's Office for purposes of the ADEA and the LEDL, the total number of employees would still be less than 20, and thus they not affect defendant Padgett's status as an employer.

summary judgment evidence sufficient to create a genuinely disputed issue of material fact as to whether defendant Padgett acted as an agent of defendant West Baton Rouge Parish Council/Parish of West Baton Rouge, either for the purpose of Council/Parish exercising control over the plaintiff's employment duties and responsibilities or for some other employment-related purpose.

Because defendant Padgett demonstrated that there is no genuine issue of material fact as to his "employer" status under the ADEA and the LEDL, specifically that he is not and "employer," he is entitled to judgment as a matter of law.[5] Whether defendant West Baton Rouge Parish Council/Parish of West Baton Rouge can be considered the plaintiff's employer for the purpose of her ADEA or LEDL claims will be addressed in the ruling on the West Baton Rouge Parish Council's Motion for Summary Judgment.[6]

Accordingly, the Motion for Summary Judgment filed by defendant Philip A. Padgett, M.D., the West Baton Rouge Parish Coroner, is granted.

Baton Rouge, Louisiana, October 4, 2013.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[5] Rule 56(c), Fed.R.Civ.P.; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 2510 (1986).

[6] Record document number 21.