UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

BRENDA LANDON

VERSUS

PHILIP A. PADGETT, M.D., ET AL.

CIVIL ACTION

NUMBER 13-261-SCR

**RULING ON MOTION TO ALTER RULING,**
**FOR NEW TRIAL, OR FOR RECONSIDERATION**

Before the court is the Plaintiff's Motion to Alter or Amend Ruling and/or Motion for New Trial and/or Motion for Reconsideration (hereafter, Motion for Reconsideration). Record document number 24. The motion is opposed.[1]

**Background**

Plaintiff Brenda Landon filed a Complaint against defendants the West Baton Rouge Parish Council, and the Parish of West Baton Rouge (which are considered as the same entity for the purpose of this case and are referred to hereafter as "WBRP"), and Philip A. Padgett, M.D., who is the West Baton Rouge Parish Coroner (sometimes referred to in the parties' memoranda as the "Coroner's Office" and referred to hereafter as the "Coroner"). Plaintiff alleged claims of discrimination and retaliation under the Age Discrimination in Employment Act, 29 U.S.C. §621, *et seq*, and

---

[1] Record document number 25.

"Louisiana's anti-discrimination laws."[2]  Plaintiff alleged that she was employed by the West Baton Rouge Parish Coroner and was subject to offensive harassment based on her age beginning in 2007. Plaintiff alleged that after reporting the illegal conduct she continued to be subject to a hostile work environment and was ultimately wrongfully terminated on September 27, 2011.

The Coroner moved for summary judgment, arguing that he did not satisfy the 20 or more employees requirement under the ADEA and LEDL.  Plaintiff failed to come forward with evidence to create a genuine dispute for trial on this threshold issue.  In a ruling issued on October 4, 2013, the Coroner's summary judgment motion was granted (hereafter, Coroner Ruling).[3]

Defendant WBRP also moved for summary judgment based on the argument that it is not the plaintiff's employer, and therefore is not subject to the requirements of the ADEA and the LEDL. Defendant WBRP asserted that the Coroner is not an employee or agent of WBRP, but rather an elected official under the Louisiana State Constitution whose office is a state agency which operates independently of regulation by the local governing authority. Defendant WBRP also provided evidence to establish that it does not

---

[2] Record document number 1, Complaint, Jurisdiction statement and ¶ 18.  It is assumed that the plaintiff is relying on the Louisiana Employment Discrimination Law, LSA-R.S. 23:312 ("LEDL").

[3]  Record document number 22, Ruling on Motion for Summary Judgment.

exercise the requisite control over the employees of the Coroner necessary for WBRP to be held accountable as the plaintiff's employer.  WBRP argued that even though the Coroner receives annual appropriations from WBRP to pay his employees and other necessary expenses, it is not their employer under the ADEA and the LEDL.

Plaintiff opposed the motion.  Plaintiff essentially argued that her affidavit and supporting documents and other evidence establish that her employee compensation and benefits are administered and controlled by WBRP.  Therefore, plaintiff argued, this fiscal relationship between WBRP and the Coroner shows that there is a genuine dispute for trial on the issue of whether WBRP is her employer or joint employer within the meaning of the ADEA and the LEDL.

Plaintiff's Motion for Reconsideration of the Coroner Ruling was filed the same day she filed her opposition to WBRP's summary judgment motion.  In her Motion for Reconsideration the plaintiff relied on the materials she filed in her opposition to WBRP's summary judgment motion.

## Analysis

Rule 54(b), Fed.R.Civ.P., provides, in relevant part, as follows:

> ... any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment

adjudicating all the claims and all the parties' rights and liabilities.

Clearly, the Coroner Ruling did not adjudicate all of the plaintiff's claims against all the parties. Therefore, the Coroner Ruling may be revised at any time.

Issued contemporaneously with this ruling is the Ruling on Motion for Summary Judgment as to defendant West Baton Rouge Parish Council's Motion for Summary Judgment (hereafter, WBRP Ruling).[4] In the WBRP Ruling the court determined that it would not continue to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c) over the plaintiff's LEDL claim against WBRP, and its motion was not decided as to that claim.

The court has not determined that WBPR was not the plaintiff's joint employer with the Coroner under the LEDL, and by declining to exercise supplemental jurisdiction it will not do so. Therefore, the earlier finding that the plaintiff has no LEDL claim against the Coroner as a joint employer with WBRP cannot be maintained.

Having carefully considered the parties's arguments, as well as the summary judgment evidence filed by the plaintiff in her opposition to WBRP's summary judgment motion, the court is now convinced that it should also decline to exercise supplemental jurisdiction over the plaintiff's LEDL claim against the Coroner. At the time the Coroner Ruling was issued, there were still federal

---

[4] Record document number 26.

4

law claims in the case, and so the exercise of supplemental jurisdiction was warranted. Now there are no federal claims. The reasons for declining to exercise supplemental jurisdiction over the plaintiff's LEDL claim against WBRP are equally applicable to the plaintiff's LEDL claim against the Coroner.

Accordingly, the Plaintiff's Motion to Alter or Amend Ruling and/or Motion for New Trial and/or Motion for Reconsideration is granted, in part. The October 4, 2013 Ruling on Motion for Summary Judgment (the Coroner Ruling) is hereby amended to grant the Motion for Summary Judgment filed by Philip A. Padget, M.D., in part, as to the plaintiff's claim against him under the ADEA. That claim will be dismissed with prejudice. Pursuant to 28 U.S.C. § 1367(c), the court declines to exercise supplemental jurisdiction over the plaintiff's state law claim under LSA-R.S. 23:312 against defendant Padgett. That claim will be dismissed without prejudice to the plaintiff re-filing her claim in state court as provided by 28 U.S.C. § 1367(d).

Baton Rouge, Louisiana, November 12, 2013.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE